Mary B. Warburton v. Commissioner.
Warburton v. Commissioner
Docket No. 23846.
United States Tax Court
1951 Tax Ct. Memo LEXIS 329; 10 T.C.M. (CCH) 135; T.C.M. (RIA) 51036; February 7, 1951
Chester J. McGuire, Esq., for the petitioner. Carl W. Windhorst, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income taxes for the calendar year 1943. Deficiency was determined in the amount of $3,054.83. The petitioner asserts overpayment in the amount of $8,314.80. The year 1942 is involved only because of the Current Tax Payment Act of 1943. The sole issue presented is whether pretitioner is taxable upon $90,000, the amount actually received by her as beneficiary of a testamentary trust, or $100,000, the amount to which she was entitled before retention of $10,000 by the trustees because of payment of taxes. All facts were stipulated and are found as stipulated. They will be set forth here only so far *330 as considered necessary to consideration of the issue. [The Facts] The petitioner is beneficiary of a testamentary trust created by her brother, who died in 1928. An annuity of $100,000 per year was provided for her. In 1931 because of question as to the sufficiency of assets of the estate to pay debts, expenses and taxes, not including the normal state inheritance tax, petitioner and others executed, and an Orphans' Court in Pennsylvania approved, a contract which provided in substance, in part here pertinent, that the petitioner should receive the annuity of $100,000 per annum, but that the trustees should have the right to retain therefrom 10 per cent each year until they were fully reimbursed for $89,990 which they paid to the State of Pennsylvania in normal state inheritance taxes upon the $100,000 annuity legacy to the petitioner. In each of the years 1942 and 1943 petitioner was paid $90,000 by the trustees, who retained $10,000 to reimburse them for the inheritance tax payment. The reimbursement of the trustees for the $89,990 was completed in 1946. Petitioner reported the $90,000 for 1942, but reported the entire $100,000 for 1943 as income. The Commissioner, for 1942, *331 added $10,000 to gross income. [Opinion] The question here arises under section 162(b) of the Internal Revenue Code[1] in connection with the testamentary trust and the agreement of 1931. The respondent contends that the liability for the Pennsylvania inheritance tax was upon petitioner, that having paid it for her the trustees were as by the agreement provided entitled to reimburse themselves, to the extent of the $10,000 in each of the years here involved, in computing net income of the trust "distributed currently" to petitioner and that under section 162(b) the amount so allowed the trustees as deduction "shall be included in computing the net income" of the petitioner, "whether distributed to * * * [her] or not." The respondent relies on Rodman Wanamaker Trust, 11 T.C. 365, wherein the trustees in the trust here involved were petitioners. We there held, in short, that the beneficiaries under the trust were liable for the state inheritances taxes under Pennsylvania law and that the income applied by the trustees, pursuant to the agreement of 1931, to reimbursement for payment of the state inheritance taxes previously paid by them (including *332 the amounts paid on the $89,990 taxes on the inheritance taxes on the annuity to the petitioner here), entitled the trustees to a deduction from gross income under section 162(b). The petitioner here suggests that factors not mentioned in the opinion in the Wanamaker Trust case, supra, warrant further consideration of the question at issue and a conclusion contrary to that there reached. Petitioner particularly urges that under Pennslyvania law the primary obligation for the state inheritance tax rested upon the trustees and was a charge upon the trust estate. *333 We have considered petitioner's arguments and authorities cited, and those cited in our opinion in the Wanamaker case, supra. We are not convinced that we were there in error. It follows that the action of the Commissioner in adding $10,000 to petitioner's income as reported for 1942 should be, and is, approved. Decision will be entered for the respondent. Footnotes
1. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - * * *
(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year; * * *↩